JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 00223

--------------------------------------------------------------------X

ANDREA HERNANDEZ, on behalf of herself and others
similarly situated,

Plaintiff,

v.

15 WEST 47 ST. LLC, ISAAC CHETRIT, JOSEPH
CHETRIT, JACK YADIDI, and JOHN DOES #1-10,
jointly and severally,

Defendants.

--------------------------------------------------------------------X

RECEIVED JAN 13 2015 U.S.D.C. S.D. N.Y. CASHIERS

COMPLAINT

Plaintiff Andrea Hernandez individually, and on behalf of others similarly situated, upon

personal knowledge as to herself and upon information and belief as to other matters, alleges as

follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover, from defendants and for plaintiff, unlawfully

withheld wages, overtime compensation, and statutory penalties for notice-and-recordkeeping

violations. Plaintiff was an hourly employee, who worked for defendants 15 West 47 St. LLC d/b/a

15 West Jewelry ("15 West"), Isaac Chetrit, Joseph Chetrit, Jack Yadidi, and John Does #1-10

(jointly referred to as "defendants"), at their building located at 15 W. 47th Street, New York, New

York 10036.

2.      Defendants deprived plaintiff of all her wages, and thus also minimum wages since

at least on or about November 1, 2014, in violation of the Fair Labor Standards Act ("FLSA").

3.      Defendants have deprived plaintiff of overtime compensation since at least on or

about January 1, 2014, in violation of the FLSA.

1

4.     Defendants have deprived plaintiff of all her wages, and thus also minimum wages, since at least on or about November 1, 2014, in violation of New York Labor Law ("NYLL").

5.     Defendants have deprived plaintiff of overtime compensation since at least on or about January 1, 2014, in violation of NYLL.

6.     Defendants have violated notice-and-recordkeeping requirements by failing to provide statements listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. These are violations of NYLL § 195(3).

7.     In addition, defendants have violated notice-and-recordkeeping requirements by failing to provide plaintiff with annual wage notices, as required, at the time of hiring and on or before February 1 of every year in violation of NYLL § 195(1).

## JURISDICTION AND VENUE

8.     With respect to the federal claims ascertained herein, the Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

9.     With respect to the state claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claims are so related that it forms part of the same case or controversy under Article III of the United States Constitution.

10.     Defendant 15 West is subject to personal jurisdiction in the State of New York because it is a foreign limited liability company registered with the New York State Department of State to do business in New York State, with its address for service of process registered as 989 Fifth Avenue, 15th Floor, New York, New York 10018. Also, defendant 15 West's business is

located and conducted at the building it owns at 15 W. 47th Street in New York County, State of New York, where the events giving rise to plaintiff's claims occurred.

11.    Based on personal knowledge of plaintiff, former employee of defendants, as well as upon information and belief, 15 West is an enterprise engaged in commerce, as defined by 29 U.S.C. § 203, whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, defendant 15 West owns and manages at least two 120 thousand square foot office and retail buildings in Manhattan, located at 15 W. 47th Street, 22 W. 48th Street, New York, New York. Defendant 15 West purchased the 15 W. 47th Street building for about $62.5 million on or around August 30, 2012, and purchased the 22 W. 48th Street building for about $53.8 million on or about September 11, 2012. Since then, defendant 15 West has rented the units of 15 W. 47th Street to commercial retailers, particularly diamond and jewelry vendors, and the units of 22 W. 48th Street to commercial offices.

12.    Upon information and belief, as well as plaintiff's personal knowledge, since at least January 1, 2014, defendants have employed, and continue to employ, two or more individuals, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13.    Upon information and belief, as well as plaintiff's personal knowledge, defendants regularly conduct interstate business. Specifically, many suppliers for 15 West are out-of-state vendors making regular shipments of cleaning products, maintenance supplies, and infrastructural equipment to the buildings at 15 W. 47th Street and 22 W. 48th Street in New York, New York. Defendant 15 West also receives, on behalf of its commercial tenants, freight deliveries of diamonds, jewels, and other retail items from outside New York State. Further, in performing her duties and responsibilities for defendants, plaintiff handled and worked on goods or materials that

3

were moved among the several states or between New York State and places outside of New York State including, but not limited to, brooms, mops, mopping solutions, vacuum cleaners, paper products, glass cleaning solutions, and other supplies plaintiff used to accomplish tasks for defendants.

14.     Venue is proper in this District because the acts and/or omissions giving rise to the claims herein alleged took place within this District, at defendants' building located at 15 W. 47th Street, New York, New York 10036.

## PARTIES

### *Plaintiff*

15.     Plaintiff, Andrea Hernandez, is an adult individual and former employee of defendants.

16.     At all times relevant herein, plaintiff worked at defendants' building, 15 West, located at 15 W. 47th Street, New York, New York 10036, and, occasionally, at defendants' building located at 22 W. 48th Street, New York, New York.

17.     Plaintiff is a resident of Kings County, New York State.

### *Defendants*

18.     15 West 47 St. LLC d/b/a 15 West Jewelry ("15 West"), Isaac Chetrit, Joseph Chetrit, Jack Yadidi, John Does #1-10 (jointly referred to as "defendants") jointly and severally employed plaintiff at all times relevant to this complaint. Each defendant has had, individually and jointly, substantial control over plaintiff's wages and working conditions.

19.     Upon information and belief, Isaac Chetrit, Joseph Chetrit, Jack Yadidi, and John Does #1-10 are members of 15 West 47 St. LLC.

4

20.     Defendants are part of a single integrated enterprise that jointly employed plaintiff at all times relevant to this complaint, as defendants are and/or have been engaged in activities performed for a common business purpose as defined by FLSA § 203(r).

21.     Defendant 15 West 47 St. LLC is a foreign limited liability company organized under the laws of the State of Delaware and registered with the New York State Department of State to do business and receive process in the State of New York where it owns and manages the buildings at 15 W. 47th Street and 22 W. 48th Street, in New York, New York 10036. The address 15 West 47 St. LLC lists for service of process by the New York State Department of State is the 15th floor of 989 Fifth Avenue, New York, New York 10018.

22.     At all times relevant herein, defendant 15 West 47 St. LLC operated under the assumed name of 15 West Jewelry ("15 West").

23.     On information and belief, at all times relevant herein, defendant Isaac Chetrit exercised control over all aspects of the day-to-day functions of 15 West, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

24.     On information and belief, at all times relevant herein, defendant Joseph Chetrit exercised control over all aspects of the day-to-day functions of 15 West, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work

schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

25. At all times relevant herein, defendant Jack Yadidi exercised control over all aspects of the day-to-day functions of 15 West, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

26. At times relevant herein, defendants John Does #1-10 exercised control over all aspects of the day-to-day functions of 15 West, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

27. On information and belief, at all times relevant herein, defendant Isaac Chetrit acted directly and indirectly in defendant 15 West's interest in relation to its employees, including plaintiff and others similarly situated.

28. On information and belief, at all times relevant herein, defendant Joseph Chetrit acted directly and indirectly in defendant 15 West's interest in relation to its employees, including plaintiff and others similarly situated.

29.   At all times relevant herein, defendant Jack Yadidi acted directly and indirectly in defendant 15 West's interest in relation to its employees, including plaintiff and others similarly situated.

30.   At times relevant herein, defendants John Does #1-10 acted directly and indirectly in defendant 15 West's interest in relation to its employees, including plaintiff and others similarly situated

31.   On information and belief, at all times relevant herein, defendant Isaac Chetrit had the authority to supervise the employees at 15 West in the performance of their duties for defendants.

32.   On information and belief, at all times relevant herein, defendant Joseph Chetrit had the authority to supervise the employees at 15 West in the performance of their duties for defendants.

33.   At all times relevant herein, defendant Jack Yadidi had the authority to supervise the employees at 15 West in the performance of their duties for defendants.

34.   At times relevant herein, defendant John Does #1-10 had the authority to supervise the employees at 15 West in the performance of their duties for defendants.

35.   On information and belief, at all times relevant herein, defendant Isaac Chetrit had the authority to direct the employees at 15 West in the performance of their duties for defendants.

36.   On information and belief, at all times relevant herein, defendant Joseph Chetrit had the authority to direct the employees at 15 West in the performance of their duties for defendants.

37.   At all times relevant herein, defendant Jack Yadidi had the authority to direct the employees at 15 West in the performance of their duties for defendants.

7

38.   At times relevant herein, defendants John Does #1-10 had the authority to direct the employees at 15 West in the performance of their duties for defendants.

39.   On information and belief, at all times relevant herein, defendant Isaac Chetrit had the authority to hire and fire the employees at 15 West in the performance of their duties for defendants.

40.   On information and belief, at all times relevant herein, defendant Joseph Chetrit had the authority to hire and fire the employees at 15 West in the performance of their duties for defendants.

41.   At all times relevant herein, defendant Jack Yadidi had the authority to hire and fire the employees at 15 West in the performance of their duties for defendants.

42.   At times relevant herein, defendants John Does #1-10 had the authority to hire and fire the employees at 15 West in the performance of their duties for defendants.

43.   On information and belief, at all times relevant herein, defendant Isaac Chetrit had the authority to make decisions about the workplace duties and hours of employees at 15 West.

44.   On information and belief, at all times relevant herein, defendant Joseph Chetrit had the authority to make decisions about the workplace duties and hours of employees at 15 West.

45.   At all times relevant herein, defendant Jack Yadidi had the authority to make decisions about the workplace duties and hours of employees at 15 West.

46.   At times relevant herein, defendants John Does #1-10 had the authority to make decisions about the workplace duties and hours of employees at 15 West.

47.   On information and belief, at all times relevant herein, defendant Isaac Chetrit had the authority to make decisions about pay of the employees at 15 West.

8

48.   On information and belief, at all times relevant herein, defendant Joseph Chetrit had the authority to make decisions about pay of the employees at 15 West.

49.   At all times relevant herein, defendant Jack Yadidi had the authority to make decisions about pay of the employees at 15 West.

50.   At times relevant herein, defendants John Does #1-10 had the authority to make decisions about pay of the employees at 15 West.

51.   On information and belief, at all times relevant herein, each individual defendant enjoyed equal authority to act with respect to supervising, directing, hiring and firing, making decisions about workplace duties and hours, and making decisions about pay of defendants' employees.

52.   On information and belief, at all times relevant herein, all cleaning and maintenance supplies for 15 West, and all freight shipments to for 15 West's tenants, were delivered by vendors to and received at 15 W. 47th Street and 22 W. 48th Street, New York, New York 10036.

53.   On information and belief, at all times relevant herein, there existed common ownership and financial control over defendant 15 West, in that the individual defendants each held an ownership interest in defendant 15 West, and individual defendants jointly cooperated and coordinated operational control over defendant 15 West.

54.   On information and belief, at all times relevant herein, defendants were engaged in related activities with respect to the operation of 15 West.

55.   On information and belief, at all times relevant herein, defendants performed such activities for the common business purpose of owning and managing, for profit, the buildings at 15 W. 47th Street, and 22 W. 48th Street, in New York, New York.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiff brings her first and second claims for relief as a collective action under 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants at 15 West between on or about January 1, 2014 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

57.     For purposes of the FLSA collective action, the Class is defined as:

*All non-exempt hourly workers employed by defendants during the period January 1, 2014, to the present who worked over forty (40) hours per week and did not receive minimum wages, or overtime compensation.*

58.     On information and belief, at all times relevant to this complaint, plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, and have been subject to defendants' policies and practices of knowingly, intentionally, and willfully failing to compensate employees at the federally required minimum wage rate for all hours worked.

59.     On information and belief, at all times relevant to this complaint, plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, and have been subject to defendants' policies and practices of knowingly, intentionally, and willfully failing to compensate employees at the federally required overtime rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek.

60.     For notice and all other purposes related to claims brought under 29 U.S.C. § 216(b) of the FLSA, the names and addresses of the FLSA Collective Plaintiffs are available from

defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## PLAINTIFF'S NYLL ALLEGATIONS

61.     Plaintiff brings her third, fourth, fifth, sixth and seventh claims for relief pursuant to NYLL for the period she was employed by defendants between on or about January 1, 2014 and December 5, 2014.

62.     Defendants committed the acts alleged in this complaint knowingly, intentionally, and willfully and knew that violations of NYLL would economically injure plaintiff.

63.     Defendants unlawfully failed to pay plaintiff any of her regular wages, in violation of NYLL.

64.     Defendants unlawfully failed to pay plaintiff at the minimum wage as prescribed by NYLL for all hours worked in a workweek.

65.     Plaintiff regularly worked in excess of forty (40) hours per workweek.

66.     Defendants unlawfully failed to pay plaintiff at the overtime rate as provided by NYLL for all hours in excess of forty (40) in a workweek.

67.     Defendants failed to provide plaintiffs with yearly wage notices and weekly wage statements as required by NYLL § 195 *et seq.* and N.Y. Comp. Code R. & Regs., Title 12, § 146-2.2.

## FACTS

68.     Plaintiff was employed by defendants to clean the buildings at 15 W. 47th Street and 22 W. 48th Street, New York, New York, between January 1, 2014 and December 5, 2014. As such, plaintiff is a covered employees as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190, and are not exempt by FLSA, 29 U.S.C. § 213.

69.     Plaintiff's job duties for defendants included cleaning the floors of all 18 stories, the basement, the elevators, and the stairwells in the building at 15 W. 47th Street, New York, New York, and, on occasion, the floors on all stories, the basement, the elevators, and the stairwells in the building at 22 W. 48th Street, New York, New York.

70.     From on or about January 1, 2014, to December 5, 2014, plaintiff worked for at least 45 hours per week, cleaning floors, elevators, and stairwells for the buildings owned and managed by 15 West.

71.     From on or about January 1, 2014, to on or about February 28, 2014, defendants paid plaintiff $600 per week in cash for all hours worked.

72.     From on or about March 1, 2014, to on or about October 31, 2014, defendants paid plaintiff $700 per week in cash for all hours worked.

73.     From on or about November 1, 2014, to December 5, 2014, defendants paid plaintiff no wages.

74.     At all times relevant, 15 West 47 St. d/b/a 15 West Jewelry, Jack Yadidi, John Does #1-10, and, on information and belief, Isaac Chetrit and Joseph Chetrit jointly and severally employed plaintiff. On information and belief, each defendant has had, individually and jointly, substantial control over plaintiff's wages and working conditions.

### FIRST CLAIM FOR RELIEF

**FLSA Withheld Minimum Wage Claim, 29 U.S.C. § 201 *et seq.***
**Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs**

75.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, re-alleges, and incorporates, each and every preceding paragraph as if set forth fully herein.

76.     In light of defendants' unlawful failure to pay wages, plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for her unpaid

12

minimum wages, liquidated damages as provided by the FLSA, attorneys' fees, and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.*
### Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs

77.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, re-alleges, and incorporates each and every preceding paragraph as if set forth fully herein.

78.     In light of defendants' unlawful failure to pay overtime wages, plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for her unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### New York State Withheld Wage Claim, NYLL § 652 *et seq.*
### Brought by Plaintiff

79.     Plaintiff repeats, re-alleges, and incorporates each and every preceding paragraph as if set forth fully herein.

80.     In light of defendants' unlawful failure to pay any of plaintiff's regular wages, plaintiff seeks and is entitled to recover damages for unpaid wages, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### New York State Minimum Wage Claim, NYLL § 652 *et seq.*
### Brought by Plaintiff

81.     Plaintiff repeats, re-alleges, and incorporates each and every preceding paragraph as if set forth fully herein.

82.     In light of defendants' unlawful failure to pay minimum wages, plaintiff seeks and is entitled to recover damages for unpaid minimum wages, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### New York State Overtime Claim, NYLL § 650 *et seq.,*
### Brought by Plaintiff

83.     Plaintiff repeats, re-alleges, and incorporates each and every preceding paragraph as if set forth fully herein.

84.     In light of defendants' unlawful failure to pay overtime compensation, plaintiff seeks and is entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

### Notice-and-Recordkeeping Requirements, NYLL § 195(3), and N.Y. Comp. Code R. & Regs. Title 12, § 146-2.2 Brought by Plaintiffs

85.     Plaintiff repeats, re-alleges, and incorporates each and every preceding paragraph as if set forth fully herein.

86.    In light of defendants' unlawful failure to provide yearly wage notices, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

### Notice-and-Recordkeeping Requirements, NYLL § 195(1),
### Brought by Plaintiffs

87.    Plaintiff repeats, re-alleges, and incorporates each and every preceding paragraph as if set forth fully herein.

88.    In light of defendants' unlawful failure to provide wage records with plaintiff's regular wages, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## RELIEF SOUGHT

WHEREFORE, plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, requests relief as follows:

A.  Designation of this action as a collective action for the purpose of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B.  Designation of plaintiff as representatives of the FLSA Collective Plaintiffs;

C.  An order declaring that defendants violated the FLSA;

D.  An order declaring that defendants' violations of the FLSA were willful;

E.  An order declaring that defendants violated NYLL;

F.  An award of minimum wage compensation under the FLSA and NYLL;

G.  An award of withheld regular wages under the NYLL;

H.  An award of overtime compensation under the FLSA and NYLL;

15

I.  An award of liquidated damages pursuant to the FLSA;

J.  An award of damages for violations of NYLL;

K.  All penalties available under the applicable laws;

L.  Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

M.  Interest as provided by law; and

N.  Such other relief as this Court deems just and proper.

Dated: New York, New York
       January __, 2015

Respectfully submitted,

EISNER & ASSOCIATES, P.C.

By: Benjamin N. Dictor, Esq.
113 University Place
New York, NY 10003
Phone: (212) 473-8700
*Attorneys for Plaintiff*
ben@eisnerassociates.com