```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 5, 2015
```

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement"), dated April 15, 2015, is entered into between ANDREA HERNANDEZ ("Plaintiff") and 15 WEST 47 ST. LLC, ISAAC CHETRIT, and JACK YADIDI, (together, "Defendants").

WHEREAS, Plaintiff commenced legal action (S.D.N.Y. 15-cv-223) asserting various claims against Defendants and certain other individuals (the "Action");

WHEREAS, Defendants have deny Plaintiff's material allegations in the Action and assert various defenses;

WHEREAS, Plaintiff and Defendants acknowledge the existence of a *bona fide* dispute concerning Plaintiff's entitlement to the monies claimed in the Action;

WHEREAS, Plaintiff and Defendants have agreed to finally and fully settle claims that were or could have been asserted against the other upon the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. Separation of Employment. Plaintiff acknowledges and understands that except as otherwise provided in this Agreement, Plaintiff received all compensation and benefits to which Plaintiff is entitled or were otherwise provided or granted as a result of Plaintiff's employment.

2. Releases.

    (A) By Plaintiff: In consideration of the promises and undertakings set forth in this Agreement, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and give up any and all Claims (as defined below) that Plaintiff has or may have against Defendants, their respective successors, assigns, affiliated entities, and their respective owners, directors, officers, agents, managers, employees, insurers, and attorneys, as well as any person named individually in the Action. "Claims" means any and all actions, charges, complaints, controversies, demands, causes of action, suits, rights, and/or claims whatsoever for debts, sums of money, consulting fees, wages, salary, commissions, bonuses, stock options, equity grants, severance pay, separation pay, vacation pay, sick pay, fees and costs, attorneys' fees, losses, penalties, or damages arising from or relating to anything that happened before Plaintiff signs this Agreement, including, but not limited to, (a) those claims arising from or relating to Plaintiff's employment with Defendants, and (b) all claims for damages arising from or relating to any claim or lawsuit brought by any third party or governmental agency on Plaintiff's behalf.

  (B)  <u>By Defendants</u>. Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents and successors, jointly and severally, of and from any and all actions, charges, complaints, controversies, demands, causes of action, suits and/or claims, known or unknown, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants. Nothing in this Paragraph 2(B) shall preclude Defendants from enforcing the terms of this Agreement against Plaintiff.

3.  <u>Representations</u>.

  (A)  Plaintiff hereby represents and warrants to Defendants that (i) other than the Action, Plaintiff has no pending administrative actions or court proceedings against Defendants, (ii) Plaintiff has not assigned, transferred, sold, encumbered, pledged, hypothecated, mortgaged, distributed, or otherwise disposed of, or conveyed to any third-party, any right or Claim against Defendants that has been released in this Agreement; and (iii) Plaintiff has not directly or indirectly assisted any third-party in filing, causing or assisting to be filed, any Claim against Defendants.

  (B)  Defendants hereby represent and warrant to Plaintiff that as of the Effective Date (as defined below) Defendants have no Claims whatsoever, known or unknown, against Plaintiff, that arise out of or relate to Plaintiff's employment by Defendants or the facts and circumstances of such employment.

4.  <u>Payments and Benefits</u>. As good consideration for Plaintiff's execution and delivery of this Agreement, Defendants agree to pay Plaintiff a gross settlement sum of **Ten Thousand Dollars ($10,000.00).** Payment shall be delivered to Plaintiff's counsel Eisner & Associates, P.C. as attorneys for Plaintiff, **within seven days of the execution and delivery of this Agreement.**

5.  <u>Dismissal of the Action.</u> Simultaneous with the execution of this Agreement, Plaintiff shall execute and file a Notice of Dismissal discontinuing the Action in its entirety, with prejudice, and with each side bearing its own fees and costs.

6.  <u>Tax Liability</u>. Plaintiff shall be solely responsible for paying any federal, state or local taxes which may be due from Plaintiff as a result of the payments made pursuant to Paragraph 4 of this Agreement. Plaintiff shall indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, that Defendants may incur as a result of (1) Plaintiff's failure to pay taxes, or (2) any administrative or judicial determination that part or all of the gross settlement sum set forth in Paragraph 4 constitutes reportable wages.

7. <u>Non-Republication</u>. The parties acknowledge and agree that this Agreement is subject to judicial review for fairness, and, as a result, shall become part of the public record. Nothing in this section shall infringe upon the public right of access to judicial documents. Notwithstanding the foregoing, the parties are desirous not to re-publish the Agreement or any of its terms, or the negotiations and discussions leading to the Agreement to any person who is not a party hereto. The parties and their counsel shall not disclose this Agreement, any of its terms, or the negotiations and discussions leading to the Agreement to any person who is not a party hereto, nor direct anyone to locate it in the public record for the purpose of circumventing its obligations hereunder. In the event of a breach of this Paragraph 7, the non-breaching party shall be entitled to recover damages in an amount equal to the payments made under Paragraph 4 of this Agreement, plus reasonable attorneys' fees and costs incurred, provided, however, that Defendants payment obligation under Paragraph 4 shall persist until a court of competent jurisdiction determines a breach of this Paragraph 7. The parties acknowledge the difficulty in ascertaining the precise damages that would flow from a breach of this Paragraph 7 and agree that the remedy provided herein is a proportional estimation thereof. This Section shall not prohibit disclosure of this Agreement to Plaintiffs' respective spouse, legal counsel, financial or tax advisors, or any servant, agent, or employee of Defendants with a business need to know, or in response to a proper administrative or judicial subpoena or court order. Before disclosing the Agreement pursuant to subpoena or court order, the disclosing party shall give the other party notice at least 48 hours in advance of such disclosure. If such notice is not possible due to the timing of service of a subpoena or court order, the disclosing party shall notify the other party as soon as possible.

8. <u>Non-Disparagement</u>.

    (A) Plaintiff agrees that, at all times following the Effective Date (as defined below), Plaintiff shall not publish or communicate to any Person any Disparaging remarks, comments or statements concerning Defendants. For purposes of this Agreement, the term "<u>Disparaging</u>" shall mean remarks, comments, statements, or communications (written or oral) that (i) reflect adversely on the business affairs or practices of the Person being remarked or commented upon, or (ii) impugn the character, honesty, integrity, morality, business acumen or abilities in connection with any aspect of the operation of business of the Person being remarked or commented upon.

    (B) Defendants agrees that, at all times following the Effective Date (as defined below), Defendants' officers and directors, shall not publish or communicate to any Person any Disparaging remarks, comments or statements concerning Plaintiff and shall not instruct or direct others to do so. For purposes of this Agreement, the term

3

"Person" shall mean natural persons (including individuals employed by Defendants), corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

9. Severability. If any term, provision, covenant or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants and restrictions in this Agreement shall remain in full force and effect.

10. Governing Law. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts of law principles. Plaintiff and Defendants (i) agree that any lawsuit, proceeding or action with respect to this Agreement may be brought only in the courts of the State of New York or in the United States District Court for the Southern District of New York (Manhattan vicinage), (ii) accept unconditionally, the exclusive jurisdiction of such courts, and (iii) irrevocably waive any objection, including, without limitation, any objection to the laying of venue based on the grounds of forum non conveniens, which Plaintiff and Defendants may now or hereafter have to the bringing of any lawsuit, proceeding or action in those jurisdictions.

11. Headings. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

12. Counterparts. This Agreement may be executed and delivered with facsimile or electronic signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. No Other Assurances. Plaintiff acknowledges that in deciding to sign this Agreement Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to Plaintiff by any Person, except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendants.

14. Opportunity For Review. Plaintiff represents and warrants that Plaintiff: (i) has had sufficient opportunity to consider this Agreement; (ii) has read this Agreement; (iii) understands all the terms and conditions hereof; (iv) is not incompetent or had a guardian, conservator or trustee appointed for Plaintiff; (v) have entered into this Agreement of Plaintiff's own free will and volition; (vi) has duly executed and delivered this Agreement; (vii) has had the opportunity to review this Agreement with counsel of Plaintiff's choice or has chosen voluntarily not to do so; and (viii)

understands that this Agreement is valid, binding and enforceable against the parties hereto in accordance with its terms.

15. Effective Date. This Agreement shall become effective or enforceable on the date it is fully signed by the parties (the "Effective Date").

16. Reference. If Plaintiff seeks employment and if a potential employer of Plaintiff seeks a reference from Defendants concerning Plaintiff, Defendants' response will be limited to Plaintiff's dates of employment and job title and informing the inquiring party that it is Defendants' policy to only provide neutral references.

17. No Admissions. This Agreement shall not be construed as an admission of fact or liability by any party. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

18. Signatories' Representations. The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted by, on this ___ day of _____, 2015

Andrea Hernandez

Agreed to and accepted by, on this ___ day of _____, 2015

15 West 47th St. LLC

By:
Name:
Title:

Agreed to and accepted by, on this ___ day of _____, 2015

Isaac Chetrit

Agreed to and accepted by, on this ___ day of _____, 2015

Jack Yadidi

5

Having found the Settlement Agreement submitted by the parties in this action is a fair and reasonable resolution of a *bona fide* dispute, the Court hereby APPROVES the Settlement Agreement.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated: May 5, 2015  
      New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA  
UNITED STATES DISTRICT JUDGE